IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DORMARICOH D. MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00218 |
| ) | |
| CITY OF MURFREESBORO, et al., ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Dormaricoh Malone, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, has filed a pro se complaint and a supplement thereto under 42 U.S.C. § 1983 (Doc. Nos. 1, 1-1), as well as documents in support of an application for leave to proceed in forma pauperis (IFP) (Doc. Nos. 3, 3-1, 4, 4-1).

The case is before the court for consideration of the plaintiff's IFP application and initial review of his pleadings pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application and supporting documents that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 3) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as

custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility where the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review

of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Allegations and Claims

In his original complaint, the plaintiff recounts the events of November 5, 2020, when he and his ex-girlfriend, defendant Courtney Natasha Strickland, were involved in an altercation in a restaurant parking lot that resulted in Strickland striking the plaintiff, who was on foot, with her vehicle. (Doc. No. 1 at 5.) The plaintiff suffered significant injuries, for which he received

treatment including surgery at Vanderbilt Hospital. (*Id.*) While he was hospitalized and under sedation, the plaintiff was approached by Detective Cody Thomas of the Murfreesboro Police Department for questioning about the altercation with Strickland, but the plaintiff refused to give a statement. (*Id.*) Thomas obtained a statement from Strickland but did not arrest her. Instead, a warrant issued for the plaintiff's arrest based on Strickland's statement. (*Id.* at 5–6.) Both the plaintiff and his mother have since attempted, without success, to file charges against Strickland for perpetrating a "hit and run" on the plaintiff. (*Id.* at 6.) The plaintiff claims that "Mr. Thomas and the MPD and Murfreesboro the City have turned the blind eye to the fact that [he is] a victim of a hit and run," and that he has been denied his right to file criminal charges against Strickland "because [he is] a black male with a past criminal background." (*Id.*) He asserts a violation of his constitutional rights and seeks an award of damages against Thomas and the City of Murfreesboro. (*Id.* at 6–7.)

In his supplemental complaint, the plaintiff alleges that he received a police report from the Murfreesboro Police Department that revealed that Strickland went home after the altercation, where the police found her. (Doc. No. 1-1 at 5.) His supplemental complaint names Strickland as a defendant and claims that, inasmuch as she has not been arrested despite being the aggressor and inflicting serious injury upon him, he has been deprived of justice for Strickland's "attempt[ ] to murder [him] with her car," and is entitled to damages. (*Id.*)

**C. Analysis**

The court must dismiss this action for failure to state any viable claim. The plaintiff seeks relief under 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

As to the first element, the plaintiff alleges a discriminatory denial of the right to file criminal charges against Strickland by the City of Murfreesboro and its employee, Detective Thomas, resulting in the denial of justice due the plaintiff. But "[n]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated" or pressed against another private citizen. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841–42 (N.D. Ohio 2002) (citing *DeShaney v. Winnnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)). It is well established that "[p]rivate citizens, whether or not they are prisoners, . . . cannot compel a criminal investigation or prosecution against another." *Martin v. Kolkonen*, 89 F. App'x 567, 568 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "This is so because 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Richards v. Heyns*, No. 1:14-cv-908, 2015 WL 1003117, at *10 (W.D. Mich. Mar. 6, 2015) (quoting *Linda R.S.*, 410 U.S. at 619). Thus, the plaintiff was not deprived of any federal rights when Thomas and the City of Murfreesboro failed to pursue criminal charges against Strickland.

As to the plaintiff's claim against Strickland, she is a private citizen, not a state actor for purposes of Section 1983. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct." (citation and internal quotation marks omitted)). Moreover, "[p]roviding

5

information to the police [and] responding to questions about a crime . . . does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing, *e.g.*, *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983. The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.")).

For these reasons, the plaintiff fails to state a claim upon which relief may be granted under Section 1983, and this action will therefore be dismissed without prejudice to the plaintiff's ability to pursue appropriate relief under state law.

**III. Conclusion**

In light of the foregoing, the plaintiff's application to proceed IFP (Doc. No. 3) is **GRANTED**, and the $350 filing fee is **ASSESSED** in accordance with this order.

As described above, the court finds that the plaintiff's pleadings fail to state a claim upon which relief can be granted. This action is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to the plaintiff's ability to pursue appropriate relief under state law. The court **CERTIFIES** that any appeal from this order would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge